UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-                         1:00-CR-0266
                                            (LEK)

DUARNIS PEREZ,

                              Defendant.

## MEMORANDUM-DECISION AND ORDER

Before this Court is a petition for a writ of error coram nobis by Defendant Duarnis Perez ("Perez" or "Petitioner") seeking to set aside and vacate his conviction for illegal reentry after deportation, on the ground that he was not an alien at the time of the offense. Petition (Dkt. No. 24). For the following reasons, the Court finds that the petition is properly brought as a writ of habeas corpus pursuant to 28 U.S.C. § 2255 and offers Perez the opportunity to recharacterize or withdraw his petition.

**I.     BACKGROUND**

In his petition, Perez states that he was deported to the Dominican Republic in 1996. Petition (Dkt. No. 24) at ¶ 3. Upon his reentry into the United States in 2000, Perez was arrested and, in this Court, pled guilty to a charge of illegal reentry in violation of 8 U.S.C. § 1326, and was sentenced to a period of incarceration of fifty-seven months and three years of supervised release. Id. He was released from confinement on April 10, 2004 and is currently on supervised release. Id. After being released from prison, Perez was informed by INS that he was in fact a naturalized United States citizen, having received derivative citizenship through his mother's application for citizenship on April 12, 1998. Petitioner's Memo. (Dkt. No. 24) at 1, Ex. A. On January 13, 2005, Perez brought the instant petition seeking to set aside his

conviction for illegal reentry, arguing that he is factually innocent.  Id. at 1.  The Government

opposes the petition, arguing that Perez is not eligible for a writ of error coram nobis since he is

still under supervised release and that he has failed to demonstrate good reason for missing the

one-year period of limitation for bringing a habeas corpus petition under 28 U.S.C. § 2255.  U.S.

Response (Dkt. No. 33).

## II.      DISCUSSION

### A.      Writ of Error Coram Nobis

28 U.S.C. § 1651[1] authorizes federal courts to grant the ancient common law writ of error

coram nobis.  United States v. Morgan, 346 U.S. 502, 506 (1954).  "A writ of error coram nobis

is 'essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a

criminal conviction.'"  United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000) (quoting

Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998)).  When a prisoner is still in custody

at the time his petition was filed, the petition must be considered a habeas corpus petition

pursuant to 28 U.S.C. § 2255 ("Section 2255 motion").[2]  Figueroa v. United States, 2001 U.S.

---

[1]  28 U.S.C. § 1651(a) provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs
> necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages
> and principles of law.

28 U.S.C. § 1651(a).

[2]  28 U.S.C. § 2255 provides in pertinent part:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the
> right to be released upon the ground that the sentence was imposed in violation of the
> Constitution or laws of the United States . . . may move the court which imposed the
> sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

2

Dist. LEXIS 3338, at *5 (S.D.N.Y. March 27, 2001); Rivera v. United States, 1999 U.S. Dist. LEXIS 11993, at *12 (S.D.N.Y. Aug. 5, 1999).  The Second Circuit has stated that a prisoner is considered in custody under 28 U.S.C. § 2255 while he is still under a term of supervised release.  See Rafiu Ajadi Abimbola v. United States, 2005 U.S. Dist. LEXIS 7421, at *5 (E.D.N.Y. April 19, 2005) (citing Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994)) ("Physical confinement is not necessary to satisfy the in custody requirement; a petitioner who is on parole or serving a term of supervised release is in custody for the purposes of the federal habeas corpus statutes.").

The parties do not dispute that Perez was sentenced to a term of imprisonment of fifty-seven months and a term of supervised release of three years.  Since Perez remains under supervised release until April 10, 2007, he remains in custody for habeas corpus purposes and is therefore ineligible for relief under a writ of error coram nobis.

**B.      Petition For Habeas Corpus Pursuant to 28 U.S.C. § 2255**

Since Perez is still in custody and wishes to challenge a sentence imposed by a federal court, a Section 2255 motion is the appropriate vehicle for such a challenge.  See 28 U.S.C. § 2255; United States v. Hayman, 342 U.S. 205, 217 (1952).

This Court cannot properly recharacterize Perez's petition as a Section 2255 motion without first offering Petitioner the opportunity to withdraw his petition rather than have it so recharacterized.  As the Second Circuit recognized in Adams v. United States, 155 F.3d 582 (2d Cir. 1998), because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[3] places stringent limits on a prisoner's ability to bring a second or successive habeas petition under Section 2255, the *sua sponte* conversion of a motion or petition to a Section 2255 motion

---

[3]  Pub. L. No. 104-132, 110 Stat. 1214 (1996).

might be "extraordinarily harmful to a prisoner's rights." Id. at 583-84.  The Second Circuit

went on to hold that:

> [D]istrict courts should not recharacterize a motion purportedly made under some
> other rule as a motion made under § 2255 unless (a) the movant, with knowledge
> of the potential adverse consequences of such recharacterization, agrees to have
> the motion so recharacterized, or (b) the court finds that, notwithstanding its
> designation, the motion should be considered as made under § 2255 because the
> nature of the relief sought, and offers the movant the opportunity to withdraw the
> motion rather than have is so characterized.

Id. at 584.

In light of the foregoing, Petitioner is directed to advise the Court in writing **within sixty**

**(60) days** of the filing date of this Order whether he consents to the recharacterization of his

motion as a Section 2255 motion, or whether he wishes to withdraw his petition rather than have

it so recharacterized.

Additionally, under the AEDPA, a Section 2255 motion must be filed within a one-year

period of limitation, which begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action
> in violation of the Constitution or laws of the United States is removed, if the movant was
> prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if
> that right has been newly recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been
> discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, the Supreme Court denied Perez's motion for certiorari on October 1, 2001.

Thus, under Section 2255(1), Perez's eligibility for Section 2255 relief expired on October 1,

2002.  Green v. United States, 260 F.3d 78, 84 (2d Cir. 2001).  The Government contends that

Perez has failed to demonstrate good reason for missing the one-year period of limitation.  U.S.

4

Response (Dkt. No. 33) at 6.  If Petitioner chooses to recharacterize his petition as a Section 2255

motion, he must properly demonstrate that he meets the requirements of the period of limitation

as stated in 28 U.S.C. § 2255(4)[4] or that the period of limitation should otherwise be equitably

tolled.[5]

### III.    CONCLUSION

Accordingly, it is hereby

ORDERED, that Petitioner advise the Court in writing **within sixty (60) days** of the

filing date of this Order whether he consents to his petition for writ of error coram nobis being

recharacterized a habeas corpus petition pursuant to 28 U.S.C. § 2255, or whether he wishes to

withdraw his petition rather than have it so recharacterized, and it is further

ORDERED, if Petitioner chooses to recharacterize his petition, Petitioner is ordered to

properly demonstrate that he meets the requirements of the period of limitation as stated in 28

U.S.C. § 2255 or that the period of limitation should otherwise be equitably tolled; and it is

further

---

[4]  The Second Circuit has explained Section 2255(4) as follows:

Section 2255(4) is not a tolling provision that extends the length of the available
filing time by excluding certain periods that post-date the start of the limitations
clock from the calculation of how much time has run.  Rather, it resets the limitations
period's beginning date, moving it from the time when the conviction became final,
see 2255(1), to the later date on which the particular claim accrued.

Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000).

[5]  "To obtain the benefit of equitable tolling, a petitioner must show that 'extraordinary
circumstances prevented him from filing his petition on time,' and that he 'acted with reasonable
diligence throughout the period he seeks to toll.'"  Zapata v. United States, 2000 U.S. Dist. LEXIS
15661, at *7 (S.D.N.Y. Oct. 27, 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail

upon the parties to this action.

IT IS SO ORDERED.

DATED:     May 25, 2005
             Albany, New York

Lawrence E. Kahn
U.S. District Judge